**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROULMY CHERY,<br>Petitioner,<br><br>v.<br><br>WARDEN, MOSHANNON VALLEY PROCESSING CENTER, et al.,<br>Respondents. | ) | Civil A. No. 3:26-1799<br>Judge Nora Barry Fischer |

**<u>ORDER OF COURT</u>**

AND NOW, this 30th day of October, 2026, upon consideration of the second § 2241 habeas petition filed by pro se Petitioner Roulmy Chery challenging the length of his continued detention under 8 U.S.C. § 1226(a), (Docket No. 6), following the prior habeas proceedings wherein this Court granted his request for a bond hearing and he was subsequently deemed to be a flight risk and detained pending his removal proceedings, (*see* Civ. A. No. 3:26-cv-1162, Docket Nos. 9; 12), and the Response in Opposition filed by Respondents, (Docket No. 9), wherein they assert that Petitioner has withdrawn his appeal to the BIA in his immigration case, such that he is now subject to an administratively final order of removal effective September 29, 2026, is currently detained under 8 U.S.C. § 1231(a) and remains within the 90-day removal period during which detention is mandatory, *see* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."),

IT IS HEREBY ORDERED that the Petition [6] is DISMISSED, as moot. *See e.g., Mondely v. Oddo,* Civ. A. No. 3:26-cv-1411, Docket No. 32 (W.D. Pa. Oct. 26, 2026) (Fischer, J.) ("Petitioner is now subject to a final order of removal and detention under § 1231(a) such that any challenge to his pre-removal order detention is […] moot"); *Ishanov v. Warden*, No. 3:26-cv-00492, ECF No. 16, at 3–5 (W.D. Pa. Aug. 3, 2026) (Haines, J.) ("Because he is no longer detained

under the pre-final order authority challenged in the Petition, the Court can no longer grant effective relief from that earlier custody. Any due process violations Petitioner suffered before his removal order became final would not alter the independent statutory authority governing his present post-final order detention."); *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (noting that while the appeal was pending, the order of removal became final and the petitioner's detention switched from § 1226 to § 1231 and that "insofar as [petitioner] challenges the lawfulness of his detention pursuant to § 1226(c), and he is no longer in custody pursuant to this statute, his appeal is moot and must be dismissed for lack of jurisdiction.").

IT IS FURTHER ORDERED that an appropriate Judgment follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record

cc: ROULMY CHERY
A# 220-448-459
MOSHANNON VALLEY PROCESSING CENTER
555 GEO DRIVE
PHILIPSBURG, PA 16866 (via first class mail)